**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2122-15T1

MARIEL MIRALLES FERRER,

    Plaintiff-Respondent,

v.

JOSEPH DURKIN,

    Defendant-Appellant.

_____

        Argued March 16, 2017 — Decided  April 10, 2017

        Before Judges Accurso and Manahan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Camden
        County, Docket No. FM-04-1464-13.

        Michael J. Confusione argued the cause for
        appellant (Hegge & Confusione, LLC,
        attorneys; Mr. Confusione, on the brief).

        Helen E. Casale argued the cause for
        respondent (Hangley, Aronchick, Segal,
        Pudlin & Schiller, attorneys; Ms. Casale, on
        the brief).

PER CURIAM

    Defendant Joseph Durkin appeals from a Family Part order of

December 16, 2015, entered after a plenary hearing, denying his

request to expand his parenting time.  Because we conclude Judge

Shusted conscientiously applied the law to the parties' circumstances as he found them after taking testimony, we affirm. See Hand v. Hand, 391 N.J. Super. 102, 111-12 (App. Div. 2007).

By way of brief background, defendant and plaintiff Mariel Miralles Ferrer were married in 1999 and divorced fifteen years later. They have two children, an eleven-year-old boy and a nine-year-old girl. Although the parties agreed on a fifty/fifty shared parenting schedule, embodied in an April 2, 2015 parenting plan order, they could not agree on a vacation schedule or on defendant's contention that he should be allowed a right of first refusal when plaintiff is not available to care for the children during her parenting time. Accordingly, the court conducted a hearing limited to those issues a few hours at a time over the course of eight days. The court heard testimony from three witnesses, both parties and plaintiff's mother.

Defendant's appeal is limited to the issue of whether he should have been granted additional parenting time when plaintiff was at work and not able to personally look after the children during her parenting time. Accordingly, we limit our discussion to that issue.

Following the divorce, defendant remained in the marital home in Haddonfield and plaintiff moved two miles away to Cherry

Hill. They now live within seven minutes of one another. The children go to public school in Haddonfield.

Plaintiff is a charge nurse at the State's developmental center in New Lisbon. She typically works weekdays from 7:00 a.m. to 3:30 p.m., leaving her home at 6:15 a.m. while the children are still sleeping. Defendant owns a Mister Softee franchise, which he largely manages from home. When plaintiff is at work or otherwise unavailable to care for the children during her parenting time, she relies on her parents or defendant's sister to look after them. During the summer, she enrolls the children in day camp. Defendant characterizes himself as a stay-at-home dad. Because of his flexible work schedule, he rarely needs to rely on anyone else to care for the children during his parenting time. He admitted on cross-examination, however, that he was likewise available to care for the children during the marriage, yet the parties still sent the children to daycare for the socialization benefits it provided.

A review of the record makes clear that the parties' relationship is acrimonious. They pursued domestic violence complaints against each other, which they dismissed in favor of civil restraints on the entry of their parenting plan in April 2015. Although Judge Shusted found that both are good parents and devoted to their children, they do not speak and could not

A-2122-15T1

agree on relatively minor scheduling issues.  The judge found the reason for that lay largely with defendant, who the judge found "made no effort at compromise."

Indeed, the judge found the many days of hearings "was completely driven by the defendant," who "attempted to turn [the hearing] into a personal crusade to assassinate the character of his ex-wife."  The judge found defendant adopted a trial strategy to shake plaintiff's composure and acted in an "intimidating" manner towards her.  The judge characterized defendant's "demeanor in court . . . as interrupting and rude." Judge Shusted found plaintiff "exasperat[ed] with the money she had to spend, [and] the time she had to spend for the limited issue being tried by this court, which was school breaks and summer recess parenting time."

The judge found no support in the case law for "[d]efendant's principal argument" of a "constitutional right as biological father" to priority over "his in-laws or his own sister" when plaintiff needed to turn to one of them to help her care for the children during her parenting time.  Applying the best interests standard of N.J.S.A. 9:2-4c, the judge concluded defendant "does not get extra time because he lives within a short walking distance of the elementary school."  Judge Shusted found the inability of the parties to agree, communicate or

cooperate regarding the children and, to a lesser extent, the importance of the children maintaining a relationship with their maternal grandparents, predominated over the other factors and militated against the relief defendant sought.

On appeal, defendant concedes there is no precedent for the right of first refusal he seeks. His argument is that the judge misapplied the best interests standard and that it is in his children's best interests to be with their father when their mother is at work and unavailable to care for them. He contends "[r]uling that plaintiff must have 'equal parenting time' regardless of whether it was Mom, an in-law, a babysitter, or a day camp did not sensibly apply the best interests standard to the facts presented by this particular family."

Defendant's arguments that the judge did not "sensibly apply" the best interests standard reduce to quarrels with the judge's fact-finding which we are simply in no position to reject. See Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). We cannot overturn the factual findings and legal conclusions of a trial judge sitting in a non-jury case "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" In re Trust Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276,

284 (2008) (quoting <u>Rova Farms Resort, Inc. v. Investors Ins.</u> <u>Co. of Am.</u>, 65 <u>N.J.</u> 474, 484 (1974)) (internal quotation marks omitted). Deference is especially appropriate in a custody case in which we are reliant on the Family Part's special expertise and where "the evidence is largely testimonial and involves questions of credibility." <u>Cesare</u>, <u>supra</u>, 154 <u>N.J.</u> at 412 (quoting <u>In re Return of Weapons to J.W.D.</u>, 149 <u>N.J.</u> 108, 117 (1997)).

Having reviewed the record, we cannot find that the judge misapplied his discretion by refusing defendant's request that plaintiff turn to him first when she was not personally available to care for the children during her shared parenting time. Such a "first refusal" arrangement depends on a very high level of respect and mutual cooperation that these parties simply do not possess. Imposing it here over plaintiff's objection would likely worsen an already overly contentious co-parenting arrangement.

After hearing the testimony and observing the witnesses, Judge Shusted determined it was in the best interests of the children that the parties' custody arrangement stay well-defined but amenable to written agreement between them. He thereby hoped to reduce the friction between them, while encouraging them to cooperate as co-parents in the best interests of their

children.  Defendant has given us no reason to second-guess the court's careful determinations made in this matter.  See Hand, supra, 391 N.J. Super. at 111-12.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION